UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYAN SIROTA, | |
| Plaintiff, | Case No. 14-cv-3408 |
| v. | Honorable Charles P. Kocoras |
| UNIFUND CCR PARTNERS, INC., | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, MOTION
FOR SUMMARY JUDGMENT, AND MOTION FOR ATTORNEY FEES AND COSTS**

NOW COMES the Plaintiff, BRYAN SIROTA, ("Bryan"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., responding to Defendant, UNIFUND CCR PARTNERS, INC.'s ("Unifund"), Motion for Judgment on the Pleadings or, Alternatively, Motion For Summary Judgment, and Motion for Attorney Fees and Costs as follows:

**INTRODUCTION**

Unifund's motion mischaracterizes the gravamen of Bryan's claim. Unifund argues that Bryan's case is based solely on pleading defects in a state court action—nothing can be further from the truth. Bryan's case is based on the overall unfairness and deceptive nature of Unifund's conduct throughout the underlying state court action; Bryan's claim does not seek to use the FDCPA as an enforcement mechanism for state law as suggested by Unifund. Bryan's case centers on Unifund's *intent* when the underlying collection lawsuit was filed. Unifund did not intend to proceed to trial against Bryan when it filed its lawsuit. Bryan contends that filing a lawsuit without intending to proceed to trial is fundamentally unfair and deceptive conduct under

1

the FDCPA. The FDCPA expressly prohibits the threat of action not intended to be taken. None of the authority cited by Unifund directly addresses this allegation.

## STANDARD OF REVIEW

The standard of review for a judgment on the pleadings is *de novo*. *Pekin Insurance Co. v. Allstate Insurance Co.*, 329 Ill. App. 3d 46, 49 (2002). "A motion for judgment on the pleadings tests the sufficiency of the pleadings by determining whether the plaintiff is entitled to the relief sought by his complaint." *Id*. at 49. In so doing, the trial court must examine all pleadings on file, taking as true any well-pleaded facts and reasonable inferences to be drawn therefrom, to determine whether the controversy may be decided as a matter of law. *TDC Development Corp. v. First Federal Savings & Loan Ass'n of Ottawa*, 204 Ill. App. 3d 170, 174 (1990) (citing *Walker v. State Board of Elections*, 65 Ill. 2d 543, 552-53 (1976)). To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

## ARGUMENT

I.  **Bryan's Complaint Presents Sufficient Factual Material To State A Claim Under The FDCPA**

    A.  **Unifund's Conduct Demonstrates That It Did Not Intend To Proceed To Trial When It Filed Its Lawsuit Against Bryan.**

Unifund greatly misconstrues the allegations made in Bryan's complaint and fails to address the allegation made in ¶62 of Bryan's complaint; that Unifund did not intend to prove its

collection lawsuit against Bryan. This is because, based on Unifund's conduct in the underlying collection lawsuit, it can be reasonably inferred that Unifund did not intend to proceed to trial when it filed the collection lawsuit. In fact, Unifund did not adhere to the court-ordered briefing schedule on Bryan's motion to dismiss the collection lawsuit. Instead, Unifund filed a Motion for Extension of Time to File Amended Complaint, claiming it needed additional time to "procure all of the requisite information." But Unifund did not amend its complaint or proceed to trial. It dismissed its own case even though it was granted the additional time needed to amend its complaint. Bryan alleges that Unifund knew that it could not or would not procure the additional information needed to amend its complaint. Taking these facts in the light most favorable to Bryan, the non-moving party, it can be inferred that Unifund did not intend to proceed to trial. It is this conduct that Bryan alleges is a violation of the FDCPA's express prohibition against threatening to take any action in the course of attempting to collect a debt that is not intended to be taken. *See* 15 U.S.C. §1692e(5).

      Unifund now attempts to establish the debt it claims it is owed. *See* Unifund's motion for judgment on the pleadings and attached exhibits. That is not the issue raised by Bryan's complaint. What is at issue is that Unifund did not intend to proceed to trial *when it filed the collection case.* The fact that Unifund's intent may have now changed is similar to the law school example of how an individual's intent can change over time: Bob lends his car to Dave. At the time Dave borrows the car, he intends to return it. However, after driving the car for a few days, Dave decides that he is not going to return Bob's car. When Dave makes that decision, his mens rea has changed—he is now potentially a tortfeasor and has likely committed larceny at common law. In this case, Unifund may have changed its intent after Bryan filed his lawsuit against it. Whatever the facts surrounding the alleged debt are wholly irrelevant to the complaint

here at issue. In fact, the appropriate forum for resolution of that dispute was in Unfund's collection lawsuit against Bryan which Unifund *voluntarily dismissed*.

Unifund does not cite one single case that addresses this point. Bryan concedes that he cannot base an FDCPA claim on pleading and proof deficiencies alone. It may be that a large portion of the complaint, as drafted, is surplusage. At a bare minimum, it sets the stage for Bryan's broader argument—filing a lawsuit with no intention of proceeding to trial is inherently deceptive and unfair under the FDCPA. In *Samuels v. Midland Funding, LLC*, 921 F.Supp.2d 1321 (S.D. Ala. 2013), the court stated that "The plaintiff's theory, at its core, is that a defendant's filing and prosecution of a collection action, while knowing that it lacks evidence to prove its claim and knowing that it will not obtain or even try to obtain such evidence—such that it knows it cannot ever prove its claim **and possesses no intention of doing so**—violates the Act." *Id.* at 1326 (emphasis added). The *Samuels* court held that a cause of action under the FDCPA may arise when a debt collector takes an action that it does not intend to take—such as filing a lawsuit with no intention of proceeding to trial. *Samuels*, 921 F.Supp.2d at 1331. *See also Kuria v. Palisades Acquisition XVI, LLC*, 752 F.Supp.2d 1293(N.D. GA Nov. 16, 2010) (stating that alleging that a debt collector filed a lawsuit that it could not prove stated a claim under the FDCPA). Other federal courts have acknowledged this cause of action. Unifund has provided no counterpoint.

A recent supervisory report issued by the Consumer Finance Protection Bureau ("CFPB") states that, in 70% of lawsuits filed by a debt buyer, that debt buyer dismissed its case when the consumer filed an answer. Consumer Financial Protection Bureau, *Supervisory Highlights*, Spring 2014, pg. 14, available at: http://files.consumerfinance.gov/f/201405_cfpb_supervisory-highlights-spring-2014.pdf (last visited July 14, 2014) ("CFPB Report"). The CFPB Report

stated, "Despite the entity's express or implied representations to consumers that it intended to establish that consumers owed a debt in the amount claimed in court filings, in numerous instances, the entity misled consumers because it demonstrably had no such intention." *Id.* The CFBP further represented that this type of conduct violates the FDCPA. *Id.*

Debt collectors and debt buyers are still free to file lawsuits, provide mediocre pleadings, attach specious affidavits, obtain default judgments, and enter into settlement agreements. However, when a defendant appears and asserts his or her right to a trial in the case, those same debt collectors and debt buyers should take their cases to trial. After all, filing a lawsuit indicates an intention to prove one's case at trial, if necessary. Filing a lawsuit without intending to proceed to trial is deceptive. It is unfair. It is prohibited under the FDCPA. Federal courts and federal regulators agree with this assertion. Unifund may argue that, in some cases, it makes a business decision to dismiss a case. It may be costly to produce a witness for each and every trial. The cost of litigation is a risk inherent to all litigation. Unifund assumes that risk when it files its lawsuits. Certainly, consumers who set their debt collection cases for trial assume a risk—a judgment in Illinois gains interest at a statutory rate of 9% per annum and can lead to the garnishment of a consumer's wages or bank accounts. Unifund and its peers should not be allowed to avoid similar risks.

Unifund cites a long list of cases that it claims demonstrate that Bryan's claims against it are barred as a matter of law. However, those cases are inapposite because none of them address Bryan's specific allegation that Unifund never intended to proceed to trial in the collection case at the time it filed its case. For example, *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007) and *Krawczyk v. Centurion Capital Corp.,* 06-C-6273, 2009 WL 395458 (N.D. Ill. Feb. 18, 2009) are cited for the proposition that the FDCPA does not

determine state pleading requirements. However, the *Beler* court declined to decide whether §1692e "covers the process of litigation." *Id.* The *Beler* court also noted that the plaintiff in that case "[did] not contend that the complaint was deceptive…" *Id.* The present case is distinguishable from *Beler* and *Krawczyk* because Bryan specifically contends that not only the complaint, but the act of filing a lawsuit without intending to proceed to trial, was deceptive and unfair. Unifund cites four other cases in support of the proposition that cases based on false affidavits and deficient pleadings do not state a claim under the FDCPA.[1] None of those cases speak to the underlying theory of Bryan's case—that filing a lawsuit without the intention of proceeding to trial is a violation of the FDCPA.

      Unifund cites to *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th Cir. 2006). The unredacted citation directly from *Harvey* is instructive in this matter. The *Harvey* court stated, "Even when viewed from the perspective of an unsophisticated consumer, the filing of a debt-collection lawsuit *without the immediate means of proving the debt* does not have the natural consequence of harassing, abusing, or oppressing a debtor. *Any* attempt to collect a defaulted debt will be unwanted by a debtor, but *employing the court system in the way alleged by Harvey*, cannot be said to be an abusive tactic under the FDCPA." *Harvey*, 453 F.3d at 330-31(emphasis added). When taken in its entirety, the quote speaks to an allegation that is separate and distinct from the one made by Bryan in ¶62 of his complaint. *Harvey* and the remaining cases cited by Unifund are inapplicable to this matter. Losing or dismissing a lawsuit is not the only behavior complained of in this case.

---

[1] It should be noted that one of these cases cited by Unifund, St. John v. CACH, LLC, No. 14 C 0733, 2014 U.S. Dist. LEXIS 95875 (N.D. Ill.. July 8, 2014) (J. St. Eve), is currently under appeal in the Seventh Circuit.

### B. Unifund's Conduct Was Misleading And Unfair To The Unsophisticated Consumer

To the extent that Unifund argues that its conduct was not misleading or unfair "[b]ecause Mr. Sirota unquestionably owes a debt associated with the Account," Unifund again misses the point of the allegation made in ¶62 of Bryan's complaint. It is fortunate that Unifund's misleading statements were made with regard to its intention to take the collection case to trial when it filed the case. Based on Unifund's own standard, it is highly plausible that a reasonable unsophisticated consumer would act differently but if for the misleading statements. As noted in Bryan's complaint, the debt collection industry obtains a large number of default judgments. These judgments are obtained because many consumers assume that they will not prevail at trial. If those same unsophisticated consumers were aware that simply setting the matter for trial gave them a high likelihood of having their cases dismissed, it would stand to reason that many of them would force the debt collector to go to trial and obtain the routine dismissal. In this specific case, had Bryan known that Unifund did not intend to proceed to trial, he could have avoided hiring counsel and filing a dispositive motion. As such, the misleading statements made and actions taken by Unifund were material.

Unifund's arguments with regard to Bryan's ICFA claim are predicated on the same theories as its arguments with regard to his FDCPA claims. Bryan specifically states that Unifund's filing of the collection lawsuit was deceptive and unfair. He states that Unifund intended that he rely upon its assertion that it would prove its case at trial. He states that debt collection occurs during the conduct of trade or commerce. He states that he suffered actual damage because he was required to retain counsel to defend the collection lawsuit. He states that, but for the filing of the lawsuit, he would not have been harmed. He also specifically alleges that Unifund did not intend to proceed to trial. *See* Complaint at ¶82. If Unifund's conduct is unfair

and deceptive under the FDCPA, then it is unfair and deceptive under ICFA. ICFA broadly prohibits unfair and deceptive conduct in the stream of commerce. This is not about the quality Unifund's state court pleadings. Rather, Bryan seeks to hold Unifund liable for its deceptive and unfair acts. Filing a lawsuit with no present intention of proceeding to trial is such an act.

**II.     Bryan Has Brought This Action In Good Faith**

Unifund claims that it is entitled to recover all fees and costs in defense of this action because it was brought and continued in bad faith. In support of this contention, Unifund cites *Cousineau v. Unifund CCR Partners*, No. 10-cv-03109, 2012 U.S. Dist. LEXIS 107108 (D. Colo. July 31, 2012). In that case, the plaintiff alleged that defendant violated the FDCPA by reporting to the credit reporting agencies that the plaintiff owed a debt that she did not owe, and that the underlying debt was more recent than was reported. *Id*. The court found that the FDCPA claim was brought in bad faith because the plaintiff had not cited to (nor did the court find) **any authority** to support this argument. *Id*. In fact, the plaintiff herself conceded before trial that she likely would abandon her FDCPA count, but ultimately refused to abandon the claim. *Id*.

Unlike the plaintiff in *Cousineau*, Bryan relies on authority to support his claims. As stated above, *Samuels v. Midland Funding, LLC*, 921 F.Supp.2d 1321 (S.D. Ala. 2013) is on point with regard to the claims advanced by Bryan. In that case, the court found that claims substantially similar to those brought by Bryan were enough to survive a motion to dismiss. *See also Kuria v. Palisades Acquisition XVI, LLC*, 752 F.Supp.2d 1293(N.D. GA Nov. 16, 2010) (stating that alleging that a debt collector filed a lawsuit that it could not prove stated a claim under the FDCPA). Furthermore, Bryan's claims are supported by the CFBP Report cited above. Furthermore, Bryan's claims are supported by the express terms of the FDCPA. Bryan alleges that Unifund never *intended* to take the threatened action by proceeding to trial. 15 U.S.C.

§1692e(5) specifically prohibits "a threat to take any action …that is not intended to be taken." As such, Bryan's brings this action in good faith.

## CONCLUSION

This is not a case about defective pleadings and false affidavits. Certainly, the debt buying industry bases its complaints upon poorly-drafted complaints and suspect affidavits. However, this lawsuit alleges more than that. Bryan alleges that, at the time Unifund filed its debt collection lawsuit, it did not intend to proceed to trial. This intent is evident from the facts surrounding the collection lawsuit. Unifund won an otherwise dispositive motion at the trial court level, yet still dismissed its own case to avoid going to trial. Based on the content of its current 12(b)(6) motion to dismiss, Unifund is now ready, willing, and able to prove its case. However, none of that matters. Had Unifund intended to go to trial before being sued by Bryan, it would have done so. It did not. Therefore, it can be reasonably inferred that Unifund did not intend to go to trial when it filed its collection lawsuit. Federal courts and the Consumer Financial Protection Bureau, which has enforcement and rulemaking authority with regard to the FDCPA, have stated that this conduct is unfair and deceptive. Taking the facts pled in the light most favorable to Bryan, Unifund's motion must be denied. In a worst-case scenario for Bryan, she should be allowed to amend her complaint to give the broader theory of her case additional clarity. However, Bryan has stated a claim to relief that is plausible on its face.

WHEREFORE, Plaintiff, BRYAN SIROTA, respectfully requests that this Honorable Court enter an order denying Defendant's motion with prejudice, in the alternative, granting him leave to file an amended complaint, and awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 4, 2014          Respectfully Submitted,

<div style="margin-left: 3em;">

/s/ Daniel J. McGarry
Daniel J. McGarry, Esq. ARDC#6309647
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188

</div>

**CERTIFICATE OF SERVICE**

       The undersigned, one of the attorneys for Brian Sirota, certifies that on November 4, 2014, a true and correct copy of the foregoing was served via CM/ECF filing to the following:

Joseph Paul Kincaid  
Matthew Theron Kinst  
Swanson, Martin & Bell  
330 North Wabash  
Suite 3300  
Chicago, IL 60611  
jkincaid@smbtrials.com  
mkinst@smbtrials.com

Dated: November 4, 2014                          /s/ Daniel J. McGarry  
                                                      Daniel J. McGarry ARDC #6309647  
                                                      *Counsel for Plaintiff*  
                                                      Sulaiman Law Group  
                                                      900 Jorie Blvd, Ste 150  
                                                      Oak Brook, IL 60523  
                                                      dmcgarry@sulaimanlaw.com  
                                                      Phone (630)575-8181  
                                                      Fax: (630)575-8188