UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN SIROTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14 C 3408 |
| | ) | |
| UNIFUND CCR PARTNERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Now before the Court is Defendant Unifund CCR Partners, Inc.'s ("Unifund") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Additionally, Unifund seeks the recovery of fees and costs associated with defending the instant case pursuant to 15 U.S.C. § 1692k(a)(3). For the following reasons Unifund's motion to dismiss is granted and motion for fees and costs is denied.

### BACKGROUND

Unifund is a company incorporated under the laws of Ohio, which transacts business in Illinois. Unifund is a debt collection agency, which assumes delinquent debts and pursues collection efforts. On September 9, 2013, Unifund filed a lawsuit ("Collection Lawsuit") against Plaintiff Bryan Sirota ("Sirota") in the Circuit Court of DuPage County, Illinois, seeking to collect a delinquent credit card account

("Delinquent Account"). *Unifund CCR Partners v. Bryan M. Sirota*, 2013-SC-4720 (Sept. 9, 2013). Unifund submitted the affidavit of Elizabeth Meents, a Unifund employee, to establish the delinquency of Sirota's account in support of the Collection Lawsuit. On October 16, 2013, Sirota filed his appearance in the Collection Lawsuit and filed a motion to dismiss the complaint based on Unifund's lack of standing. After numerous continuances were granted to Unifund to respond to Sirota's motion to dismiss, Unifund ultimately voluntarily dismissed its case without prejudice on January 22, 2014.

After Unifund voluntarily dismissed its complaint in the Collection Lawsuit, Sirota filed the instant complaint in the Northern District of Illinois on May 18, 2014. Sirota's complaint alleges that Unifund violated the: (1) Federal Debt Collection Practices Act (the "FDCPA") (Count 1); and (2) Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA") (Count 2). On September 22, 2014, Unifund filed a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] In conjunction with its motion to dismiss, Unifund also seeks the recovery of all fees and costs associated with defending the case pursuant to 15 U.S.C. § 1692k(a)(3).

---

[1] Unifund does not specifically elicit Federal Rule of Civil Procedure 12(b)(6) in moving for "judgment on the pleadings." Based on the Unifund's assertions and the case law relied on Unifund in moving to dismiss, the Court construes Unifund's motion to be brought under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the court accepts as true all the factual allegations pled in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Id.* Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo*, 526 F.3d at 1084 (emphasis in original).

## DISCUSSION

This case appears to be part of a spate of similar cases filed in the Northern District of Illinois challenging the legitimacy of a collection company's subjective intent to proceed to trial after instituting debt collection efforts in state court. Last month we ruled on four consolidated cases that were factually analogous to the case at bar and were brought under the same theory of liability. *Owusumensah v. Cavalry Portfolio Services, LLC*, No. 12-cv-3540, 2014 WL 6461704 (N.D. Ill., Nov. 18, 2014). Sirota, represented by the same attorneys which brought the cases we

encountered last month, repeats many of the same arguments and utilizes the same case law to establish the validity of his claim. Despite the passage of time, the arguments levied by Sirota concerning the intent of debt collectors to proceed to trial in a state court collection action are no more availing now as they were a month ago.

**I. FDCPA Claim (Count 1)**

The FDCPA generally prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Sirota alleges that Unifund violated multiple provisions of the FDCPA when it deceptively filed the Collection Lawsuit in the Circuit Court of DuPage County for the purposes of collecting the Delinquent Account. In Sirota's reply to Unifund's motion to dismiss, he admits that "a large portion of the complaint, as drafted, is surplusage," and seeks to remedy the lack of clarity in his complaint with a refinement of his cause of action via his reply. Sirota has alleged facts in his complaint which he further clarifies in his reply, and does not incorporate new facts. The Court will consider Sirota's clarifications, but must ultimately determine the merits of the cause of action pled in his complaint.

Sirota's complaint makes two broad allegations about Unifund's unlawful conduct in its debt collection efforts. First, Sirota contends that Unifund violated the FDCPA by submitting claims based on inadequate evidence of the Delinquent Account in support of the Collection Lawsuit. Second, Sirota asserts that Unifund violated the FDCPA by filing the Collection Lawsuit without the intention of taking

the case to trial to prove the validity of its claims, which he alleges to be inherently deceptive and unfair. The Court will deal with each issue in turn.

**A. Submission of Inadequate and False Evidence**

Sirota's reliance on the FDCPA to seek redress for Unifund's submission of inadequate evidence to establish the existence of the debt in the Collection Lawsuit lacks merit. Initially, the inadequacy of Unifund's submissions propounded in the Illinois Collection Lawsuit is a nonstarter. In determining the adequacy of an FDCPA claim, it is well established that federal courts should not delve into the adequacy of state court pleading requirements or procedural nuances. *See Beler v. Blatt, Hasenmiller, Leibsker, & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007) (noting that state procedural rules, not federal law, "determine which facts, and how much detail, must be included in documents filed with clerk of court for presentation to a judge"); *see also St. John v. CACH, LLC*, 14-cv-0733, 2014 WL 3377354, *3 (N.D. Ill. July 8, 2014) ("[i]t is well-established in this district that FDCPA claims cannot be based on violations of the Illinois state pleading requirements"); *see also Manlapaz v. Unifund CCR Partners*, 2009 WL 3015166, at *5 (N.D. Ill. 2009) ("a claim alleging insufficient state-court pleadings is controlled by state procedural and evidentiary law and is not a valid claim under the FDCPA"). Realizing the futility of his argument, Sirota correctly concedes in his reply brief that he cannot base an FDCPA claim on state court pleadings and proof deficiencies alone. Sirota has not pled an FDCPA

violation concerning Unifund's disclosure of the ownership interest of the delinquent account.

**B. Cavalry's Intent to Not Pursue Claims at Trial**

Realizing the lack of legitimacy in his first argument, Sirota's reply brief focuses on his remaining argument that Unifund violated numerous provisions of the FDCPA by instituting the Collection Lawsuit without intending to proceed to trial. Sirota continues to assert that Unifund's intent to file a collection action and obtain a default judgment, in the absence of opposition, is inherently deceptive and unfair under the FDCPA. Sirota supports his argument with the fact that once he contested the procedures by filing a motion to dismiss challenging Unifund's standing, Unifund voluntarily dismissed the case.

Sirota implores the Court to focus on Unifund's initial filing of the Illinois collection case and the eventual voluntary dismissal of the Collection Lawsuit. As we previously determined, this Court is not inclined to wade into gauging the adequacy of the delineated filing requirements for claims brought under the Illinois Rules of Civil Procedure. *See Beler*, 480 F.3d at 473. In filing the Collection Lawsuit, Unifund met the threshold filing requirements for instituting a claim and its intent to pursue the Collection Lawsuit can only be gauged by its willingness to institute the case. Furthermore, the validity of Unifund's voluntary dismissal, after Sirota contested the Collection Lawsuit, focuses our inquiry back to the propriety of Unifund's actions against the backdrop of Illinois procedural requirements. Unifund's voluntarily

dismissed its action against Sirota under established Illinois procedural grounds. 735 ILCS 5/2-1009 (a) ("The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice . . . ."). The Court cannot glean any nefarious motive from Unifund's actions when it is permitted under the Illinois Rules of Civil Procedure. Sirota has failed to sufficiently plead an FDCPA violation based on his allegation that Unifund never intended to go to trial. *See Bradford v. LVNV Funding, LLC*, 11-cv-291, 2014 WL 1012771, *3 (E.D. Tenn. Feb. 25, 2014); *Grant-Hall Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 944-45 (N.D. Ill. 2012); *Odish v. CACH, LLC*, 12-cv-1710, 2012 WL 5382260 (S.D. Cal. Nov. 1, 2012). Accordingly, Count 1 of Sirota's complaint is dismissed.

## II. ICFA Claim (Count 2)

Having dismissed Sirota's FDCPA claim, which the Court had original jurisdiction over, Sirota's remaining ICFA claim is based on Illinois law. *See* 28 U.S.C. § 1331. The Seventh Circuit has instructed that, "[t]he supplemental jurisdiction statute provides that the district court 'may decline to exercise supplemental jurisdiction' over state-law claims if the court 'has dismissed all claims over which it has original jurisdiction.'" *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) (quoting 28 US.C. § 1367(c)(3)). Although the decision to exercise supplemental jurisdiction is within the district court's broad

discretion, "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *RWJ Mgmt. Co*., 672 F.3d at 479 (quoting *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). The Court, in its discretion, declines to exercise supplemental jurisdiction over the remaining state law claim and dismisses Count 2 of Sirota's complaint.

### III. Unifund's Motion to Recover Fees and Costs

Unifund seeks the recovery of all fees and costs associated with defending Sirota's lawsuit due to its assertion that the suit was brought in bad faith and for the purposes of harassment. The FDCPA states, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3).

Unifund argues that after Sirota's complaint was filed in the case at bar, Unifund tried on multiple occasions to contact Sirota's counsel to convey the incorrect nature of many of Sirota's assertions and warn them about the meritless nature of its suit. On May 15, 2014, after the initiation of this lawsuit, Unifund contacted Sirota's counsel and provided extensive records establishing the legitimacy of Sirota's debt and the propriety of the underlying Collection Lawsuit. The following week, on May 23, 2014, Unifund again reached out to Sirota's counsel and left a message that was never returned. In early June 2014, Unifund emailed Sirota's counsel to warn them

about the lack of merit in its case. Without a response to the previous phone call and emails, Unifund was required to answer the complaint and file affirmative defenses.

Despite Unifund's warnings about the lack of merit in the case at bar, Sirota pressed its case based primarily on its belief that an FDCPA violation had occurred. Unifund had conveyed information to Sirota that was relevant, however did not address his overarching theory of FDCPA liability based on a collection companies' intent to proceed to trial when filing a collection lawsuit. Although we have determined that Sirota's claim lacks merit, Unifund has not shown that Sirota pursued his case for the purposes of harassment or that it was brought in bad faith. Accordingly, Unifund's motion for fees and costs in responding to Sirota's complaint is denied.

## CONCLUSION

For the aforementioned reasons, the Court grants Unifund's motion to dismiss for failure to state a claim concerning Count 1. The Court declines to exercise supplemental jurisdiction over Sirota's Illinois state claim in Count 2. Additionally, Unifund's motion to recover fees and costs is denied.

Charles P. Kocoras
United States District Judge

Dated: 12/18/2014